IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KIMBERLY L. COX, | § |
| | § |
| PLAINITIFF, | § |
| | § |
| v. | § CIVIL NO: |
| | § |
| PATRICK R. DONAHOE, | § JURY DEMAND |
| Postmaster General, | § |
| UNITED STATES POSTAL SERVICE, | § |
| | § |
| DEFENDANT. | § |

### ORIGINAL COMPLAINT

COMES NOW the Plaintiff, KIMBERLY L. COX (hereinafter sometimes referred to as either "Cox" or "Plaintiff"), by and through her attorney of record, Rebecca L. Fisher, and files this Original Complaint pursuant to Federal Rule of Civil Procedure 15(a), which complains of Defendant, PATRICK R. DONAHOE, Postmaster General, United States Postal Service (hereinafter sometimes referred to as "USPS" or "Defendant") and for cause of action would show unto the Court the following:

### 1. JURISDICTION AND VENUE

1. This action is brought to recover damages and to redress deprivations of rights secured to Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, for discrimination based on gender/race hostile environment and retaliation.

2. The jurisdiction of this Court over this controversy is based upon statutory authority granted to this Court pursuant to Section 717 of Title VII of the Civil Rights Act of 1964, as

1

amended.

3. Injunctive relief and declaratory relief, damages, and other appropriate legal and equitable relief are sought.

4. Plaintiff has complied with all administrative prerequisites to jurisdiction of this Court. Plaintiff received her Right to Sue Notice regarding her discrimination and retaliation claims pursuant to Title VII and now files and seeks relief thereunder within ninety (90) days of receipt of said notice.

5. Plaintiff has fully complied with the prerequisites to jurisdiction of this Court.

6. Venue is proper in this Court as the Defendant maintains offices throughout this District and Division. Title VII grants to the Plaintiff the right to file in any court within the District where the acts of discrimination occurred.

## II. PARTIES

7. Plaintiff is an individual residing in the Eastern District of Texas and at all times relevant hereto was an employee and/or person to whom such laws provide protection.

8. Defendant, PATRICK R. DONAHOE, is the Postmaster General of the United State Postal Service, which maintains postal service facilities throughout the Eastern District of Texas.

## III. GENERAL ALLEGATIONS

9. Plaintiff, Kimberly L. Cox, is a letter carrier employed at the Kilgore Post Office located in Kilgore, Texas. Cox has been employed by the Defendant since February 1997. Cox is a white female.

10. In July and August of 2012, Cox on numerous occasions reported to Postmaster Joe

2

McQuiston that a black supervisor, Cynthia Freeman, was creating a hostile work environment for the white female employees. Cox specifically informed Postmaster McQuiston that Supervisor Freeman was discriminating against the white female employees based upon race and gender to such a degree that Supervisor Freeman had created a hostile work environment. McQuiston took no prompt and remedial action. He did not properly report Cox's complaint of a hostile work environment in direct violation of USPS' own policies and procedures. No investigation was conducted by USPS and Supervisor Freeman was not separated from the workforce subject to an investigation, which is in violation of USPS' policies. USPS' policies are written to comply with Title VII and discrimination law.

11.   Then on August 21, 2012, while out on her route delivering mail Cox tripped over a curb landing on her right knee, left shoulder, and hitting her face and head on concrete. Cox sustained abrasions, a closed head injury, and left shoulder injury which resulted in some work restrictions. Cox was off on sick leave for three (3) days and then she was told to report to work where she was made to sit in a room for eight hours a day. USPS concedes that Cox was injured on the job and that the injury was not caused by any misconduct on the part of Cox.

12.   Cox was scheduled off on August 30, 2012, ten days after her injury. On that day, Cox attended an estate sale. Postmaster Cox came to the estate sale to surreptitiously watch Cox, placing her under stricter scrutiny. Postmaster McQuiston has given conflicting statements concerning what he saw, if anything. Postmaster McQuiston then called the Office of the Inspector General (OIG) to investigate if Cox has exceeded her medical restrictions on August 30, 2012. Cox was never charged with anything from the OIG office.

13.   On August 31, 2012, Cox was placed on Emergency Leave by Postmaster

McQuiston in violation of USPS' policy and practice. On October 3, 2012, Cox was issued a Notice of Removal which became effective on November 15, 2012. The termination issued by Postmaster McQuiston was also in violation of USPS' policy and practice. USPS did not attempt to weigh any of the items that Cox was claimed to have moved or picked up in order to determine if Cox had exceeded her lifting restriction. Cox was released by her doctor without any medical restrictions on September 6, 2012.

14. Cox was returned to work when it was determined in the process allowed to Cox for due process that USPS did not have evidence that she had violated any of her medical restrictions. Cox now seeks redress for all of her damages, including but not limited compensatory damages.

15. Furthermore, when Cox returned to work she was subjecting to a continuing and ongoing hostile work environment by Supervisor Freeman and Postmaster McQuiston, to which Cox filed another EEO complaint of discrimination. This complaint is still currently within the administrative process before the EEOC Office of Federal Operations located in Washington, D.C.. Cox will be seeking from EEOC a right to file suit regarding this last EEO complaint and at such time will amend her Complaint currently before the Court.

### IV. CAUSE OF ACTION – TITLE VII GENDER/RACE DISCRIMINATION AND RETALIATION (HOSTILE ENVIRONMENT)

16. Plaintiff incorporates paragraphs 1 through 15 as if restated at length.

17. Defendant discriminated against the Plaintiff due to her race/gender and the Defendant then proceeded to retaliate against the Plaintiff when she opposed the ongoing race/gender discrimination. The foregoing pervasive practices and conduct of

Defendant as set forth above, constitutes disability discrimination and unlawful retaliation towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended.

18. As the result of Defendant's direct conduct as set forth above, Plaintiff suffered economic damages in the form of lost wages and benefits.

19. Defendant's conduct has resulted in Plaintiff suffering non-economic damages in the form of mental anguish and other compensatory damages due to the discrimination to be determined at trial.

20. Defendant's conduct toward Plaintiff was intentional and willful and of the nature for which Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial.

21. Plaintiff is also entitled to recover her reasonable and necessary attorney's fees and expert fees and the costs of this action in an amount to be determined at trial.

## V. JURY DEMAND

WHEREFORE, PREMISES CONSIDERED, for the foregoing reasons Plaintiff respectfully requests that this Court enter judgment against the Defendant as follows:

(a)     That this Court award Plaintiff her economic losses in the form of back pay and benefits in an amount to be determined at trial;

(b)     That this Court award Plaintiff her non-economic damages in the form of mental anguish in an amount to be determined at trial;

(d)   That this Court award Plaintiff compensatory and equitable damages for Defendant's illegal conduct in an amount to be determined at trial;

(e)   That this Court award Plaintiff her reasonable and necessary attorney's and expert fees and the costs of this action in an amount to be determined at trial;

(f)   That this Court declare that the actions of Defendant complained of herein are illegal and this Court issue Declaratory Relief to Plaintiff to the fullest extent of the law;

(g)   That this Court issue permanent injunctive relief to Plaintiff enjoining and restraining Defendant from engaging in further discriminatory and retaliatory conduct; and

(h)   That this Court award Plaintiff any other and further relief as she may be justly entitled to receive.

Respectfully submitted,

__/s/ Rebecca L. Fisher__
Rebecca L. Fisher
State Bar No. 00790687

Attorney for Plaintiff
Kimberly L. Cox

Rebecca L. Fisher, Attorney at Law
1105 Wooded Acres, #300
Waco, Texas 76710
Phone: (254) 840-0220
Facsimile: (254) 840-0219
Email: rebeccafisherlaw@gmail.com