UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KIMBERLY L. COX, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. 2:14-cv-00810-JRG-RSP |
| § | |
| MEGAN J. BRENNAN, Postmaster § | |
| General of the United States, U.S. Postal § | |
| Service, § | |
| § | |
| Defendant. § | |

**DEFENDANT U.S. POSTAL SERVICE'S BRIEF REGARDING
"ME TOO" EVIDENCE AND *Sprint/United Management Co. v. Mendelsohn***

At the Court's direction, the USPS provides the following in response to the *Sprint* case referenced by plaintiff's counsel at the pretrial conference for this case:

**1. Defendant's motion in limine as to Item No. 2 should be granted under the framework *Sprint* describes because Cox's proposed evidence is irrelevant, unduly prejudicial, and would confuse the issues for the jury.**

*Sprint* simply stands for the unremarkable proposition that "me too" evidence by nonparties in an employment-discrimination case is neither *per se* admissible nor *per se* inadmissible. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). The Supreme Court logically concluded that "[r]elevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad *per se* rules." *Id*. at 387. Whether "me too" evidence is admissible is, necessarily, "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances

1

and theory of the case." *Id*. at 388. Consistent with *Sprint*, the Fifth Circuit has remarked that "a plaintiff may not effectively force the employer to defend 'mini trials' on other employees' claims of discrimination that are not probative on the issue of whether [the plaintiff] faced discrimination." *Lawson v. Graphic Packaging Int'l, Inc.*, 549 F. App'x 253, 256 (5th Cir. 2013) (internal quotation marks and citation omitted).

Based on the remarks by plaintiff's counsel at the pretrial conference, it appears that Cox intends to present "me too" testimony from two non-party witnesses: Sheila Hooks (currently a rural carrier at the Kilgore post office) and Cynthia Freeman (a former supervisor at the Kilgore post office who is now retired). Cox has failed to demonstrate that the experiences of either of those witnesses are related to Cox's single retaliation claim — Cox's allegation that Postmaster Joe McQuiston issued her a notice of removal on October 3, 2012, because Cox had reported to him that Cynthia Freeman was allegedly creating a hostile-work environment based on Cox's gender (female) and race (white).

Everything we know about Sheila Hooks comes from Hooks's declaration that Cox attached to her summary-judgment response filed on February 16, 2017. A copy of the Hooks declaration is attached to this brief as Exhibit A. In her declaration Hooks asserts that at some point (without specifying when) she filed an EEO complaint based on disability or perceived disability and that sometime after she filed the complaint McQuiston took various "retaliatory" actions against her, none of which amounted to a termination, such as Cox faced. Hooks's declaration simply catalogues various forms of workplace discipline she has received. For example, Hooks says that she received a

letter of warning in October 2013 for allegedly throwing four packages and another letter of warning in January 2014 for throwing another package. Ex. A, Hooks Decl. ¶¶ 4-6. Hooks also alleges that at various points (no dates are given) she was "ordered" to "fill out Forms 3821;" was "not allowed to have a cell phone on the workroom floor; and was brought in for "discussions," *id*. ¶¶ 7-9, but there is no explanation of the circumstances, and no basis to tie any of these actions with Hooks's filing of an EEO complaint at some unspecified point. It is not even clear whether some of the so-called acts of "retaliation" Hooks describes would constitute adverse actions for purposes of a retaliation claim. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

As for Freeman, Freeman testified at her deposition taken on December 1, 2016 — the last day of the discovery period — that she had filed an EEO claim against McQuiston at some point (she did not give a date) on the basis of, to her recollection, age, race, and maybe religion. Ex. B, Freeman Depo. 37-38. She said nothing about bringing a retaliation claim, as Cox does here. And Freeman further testified that based on her experience with McQuiston she did not think that McQuiston was the type of person who would retaliate against or punish an employee who had filed an EEO case. *Id*. at 57.

As shown, neither Hooks nor Freeman have any testimony to offer on the only relevant issue for trial — whether the USPS issued the subject notice of removal to Cox based on *retaliation*, because Cox had allegedly complained to McQuiston about

Freeman.[1] Accordingly, the Court should grant Defendant's motion in limine as to item 2.

2. **Defendant's motion in limine should also be granted at to Item 2 because Cox did not timely and properly disclose the substance of the proposed testimony of Hooks and Freeman.**

In its August 17, 2016 discovery order the Court directed the parties to provide the names of "persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person[.]" Discovery Order (doc. 28) p. 1. Here is what Cox provided as to Hooks:

> **Sheila Hooks**. Employed at the Kilgore Post Office. Has knowledge of the gender/race hostile environment created by Supervisor Cynthia Freeman and Postmaster Joe McQuiston. Has knowledge that Postmaster McQuiston had knowledge of the hostile environment. Also has knowledge of the retaliatory actions against the Complainant.

Ex. C, Pl.'s First Am. Disclosures ¶ 10. As Cox described it, Hooks's knowledge concerned Cox's hostile-work-environment claim, which is no longer in the case (assuming the magistrate judge's report and recommendation is adopted), and the "retaliatory actions" allegedly taken *against Cox*. Nothing was said about Hooks's *own*

---

[1] In contrast, the plaintiff in *Sprint* — who had brought an age-discrimination claim — specifically identified testimony from five former Sprint employees who claimed that Sprint had discriminated against them because of their age. *Sprint*, 552 U.S. at 381. The proposed testimony was significantly more specific and on point than anything Cox proposes: for example, one former Sprint employee had heard supervisors denigrate older workers; another claimed to have seen a spreadsheet suggesting that age was considered in layoffs; another claimed to have been "banned" from working at Sprint because of his age; and another claimed to have seen another employee harassed because of her age. *Id*. And even then the Supreme Court did not find that any of this testimony was admissible, only that the district judge should have been the one to conduct the fact- and context-specific inquiry as to admissibility under Rules 401 and 403. *Id*. at 388.

alleged experience with "retaliatory actions" at the Kilgore post office. The USPS first learned of Hooks's allegations about her own experiences on February 16, 2017, when Cox submitted the Hooks declaration as an attachment to her summary-judgment response. *See generally* Ex. A, Hooks Decl. But that was two-and-a-half months *after* the December 1, 2016 discovery deadline. And to this date Cox has produced no *documents* related to the events described in Hooks's declaration, which Cox should have disclosed long ago if she thought they were "relevant to the pleaded claims or defenses involved in this action." *See generally* Discovery Order (doc. 28) p.3 The USPS thus did not receive fair notice of Hooks's proposed testimony for purposes of the remaining retaliation claim.

Same goes for Freeman. Cox's disclosures described Freeman's knowledge as follows:

> **Cynthia Freeman**. [] Has knowledge of all of her actions at issue in this lawsuit.

Ex. C, Pl.'s First Am. Disclosures ¶ 17. This incredibly vague description cannot be described as a "fair summary" such to give the USPS notice that Cox would propose to introduce trial testimony from Freeman about Freeman's *own* EEO activity, which is not "at issue in this lawsuit." As mentioned at the pretrial conference, the USPS first learned about Freeman's allegations concerning her own EEO case when Cox took Freeman's deposition on December 1, 2016 — the last day of the discovery period.

For these reasons, the Defendant asks the Court to grant Item No. 2 in its motion in limine.

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

/s/ *Bradley Visosky*
Bradley Visosky
Assistant U.S. Attorney
Texas Bar No. 24034727
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
bradley.visosky@usdoj.gov

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I certify that on March 3, 2017, a true copy of this document will be served on counsel for the plaintiff through the use of the Court's electronic notification system.

/s/ *Bradley Visosky*
Bradley Visosky