IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KIMBERLY L. COX,<br>    *Plaintiff*,<br><br>v.<br><br>MEGAN J. BRENNAN, Postmaster General<br>of the United States, U.S. Postal Service,<br>    *Defendant*. | §<br>§<br>§<br>§<br>§   **CASE NO.  2:14-CV-810-JRG-RSP**<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is the Report and Recommendation filed by Magistrate Judge Roy Payne on March 6, 2017 (Dkt. No. 55) recommending that Defendant Megan J. Brennan's ("Brennan" or "Defendant") Motion for Summary Judgment (Dkt. No. 35) be denied. Having considered the objections (Dkt. No. 64), the Recommendation is ADOPTED and the objections are OVERRULED for the reasons set forth below.

I.   BACKGROUND

In 2011, Plaintiff Kimberly L. Cox ("Ms. Cox" or "Plaintiff") worked in the Kilgore Post Office along with Joe McQuiston, then Kilgore postmaster, and Cynthia Freeman, then a Customer Service Supervisor. (Dkt. No. 42 at 3-5.) Ms. Cox now alleges that Ms. Freeman created a hostile work environment, in violation of Title VII, and that Mr. McQuiston fired her in retaliation for reporting this claim. (Dkt. No. 35 at 6-7.)

On January 1, 2017, Brennan filed a Motion for Summary Judgment on both claims. (Dkt. No. 35.) Magistrate Judge Payne granted said motion with regard to the hostile work environment

claim and denied with regard to the retaliation claim.  The issue before the Court here is whether summary judgment is appropriate on the retaliation claim.[1]

## II. LEGAL STANDARD

A motion for summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine issue remains if there is competent evidence that a reasonable jury could rely on to find for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Such evidence must be construed in the light most favorable to the nonmovant.  *Id.* at 255.

The Court's analysis is further guided by the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Under this framework, there are three crucial steps.  First, a plaintiff must establish a prima facie case of retaliation.  *See Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008).  Next, the defendant employer must provide a "'legitimate, nonretaliatory reason for the adverse employment action.'" *Id.* (quoting *Hockman v. Westward Commc'n LLC*, 407 F.3d 317, 330 (5th Cir.2004)). "If the employer asserts a nonretaliatory explanation . . . [then] the plaintiff must show that the given reason is merely a pretext for retaliation." *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804).

## III. DISCUSSION

### A. Prima Facie Case of Retaliation

"A retaliation claim has three elements: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal

---

[1] Plaintiff did not file any objection to the Report and Recommendation with regard to the grant of summary judgment on her hostile work environment claims.

connection exists between that protected activity and the adverse employment action." *Brazoria Cty., Tex. v. E.E.O.C.*, 391 F.3d 685, 692 (5th Cir. 2004).  The central question here is whether Plaintiff has provided sufficient evidence of a "causal connection" between her complaints to Mr. McQuiston and her termination.[2]  The Court concludes that a reasonable jury could find such a connection. *Cf. Anderson*, 477 U.S. at 255 ("[T]he drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

Defendant argues that no reasonable jury could draw the necessary connection here because "timing is all that Cox has," which alone cannot establish causation under Title VII.  (Dkt. No. 64 at 6 (citing *Kopszywa v. Home Depot USA, Inc.*, 620 F. App'x 275, 280 (5th Cir. 2015).)  However, a close proximity between protected activity and an adverse employment action can help establish causation together with other probative evidence. *See, e.g., Kopszywa,* 620 F. App'x at 280 ("Temporal proximity may . . . create a genuine dispute of material fact on the issue of but-for causation if the employee also introduces other probative evidence of pretext.")  The Court is persuaded that sufficient evidence, beyond proximity, exists in this case.  For example, a jury could conclude that Mr. McQuiston's conduct on August 30, 2012 – the day of the estate sale – was motivated by a desire to retaliate against Ms. Cox. *See, e.g.,* (Dkt. No. 42 at 19 (Mr. McQuiston cancelling a yearly route inspection and driving thirty minutes to observe Ms. Cox); *id.* (Mr. McQuiston calling the Office of Inspector General during this drive); *id.* (Mr. McQuiston following Ms. Cox to her home to continue observing her).)  Therefore, a reasonable jury could

---

[2] Even Defendant assumed, for purposes of summary judgment, that Ms. Cox engaged in protected activity and that her termination, although reinstated, constituted an adverse employment action. (Dkt. No. 35 at 18.)  Therefore, the only potential dispute is whether there is a causal connection.

consider these acts, together with the temporal proximity, and find that Plaintiff has established a prima facie case of retaliation.

### B. Nonretaliatory Reason for Termination

Defendant has provided a nonretaliatory justification for terminating Ms. Cox. (Dkt. No. 35 at 19.) The stated reason for her termination – violations of medical leave conditions – was also supported by a report from the United States Postal Service Office of Inspector General. *Id.*[3]

### C. A Showing of Mere Pretext

There is also sufficient evidence from which a jury could reasonably conclude that this nonretaliatory reason was merely pretext to fire Ms. Cox. For example, Plaintiff has put forth evidence that could lead a reasonable jury to conclude Mr. McQuiston offered a pretext for *temporarily* removing Ms. Cox from the Kilgore Post Office. (Dkt. No. 42 at 20.) The same jury could conclude that this supports viewing the reason offered for her *permanent* removal as mere pretext. Ultimately, whether one believes Mr. McQuiston fired Ms. Cox for a legitimate or illegitimate reason depends on an assessment of Mr. McQuiston's credibility. Such a determination should be made by a jury during an open trial and not by the Court in a dispositive motion. *See Anderson*, 477 U.S. at 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

---

[3] Although an arbitrator later reinstated Ms. Cox, (Dkt. No. 42 at 9-10), this does not support the conclusion that Mr. McQuiston, at the time Ms. Cox was terminated, could not have relied on the Office of Inspector General report in good faith. *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006) ("An employer can make an incorrect employment decision; if based on a good faith belief with no discriminatory influences, then the court will not try the validity of the reason.").

## IV.   CONCLUSION

Accordingly, the Recommendation of Magistrate Judge Payne is hereby ADOPTED.

**So ORDERED and SIGNED this 4th day of April, 2017.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE