IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KIMBERLY L. COX | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL NO. 2:14-cv-00810-JRG-RSP |
| | § | |
| MEGAN J. BRENNAN, Postmaster | § | |
| General of the United States, U.S. Postal | § | |
| Services, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

TO THE HONORABLE RODNEY GILSTRAP:

COMES NOW, the Plaintiff, KIMBERLY L. COX, and files this her Motion for Award of Attorney's Fees and Costs. The Plaintiff will show unto the Court the following:

1. **Statement of Case**

This is a Title VII Retaliation case, wherein the Plaintiff prevailed during a jury trial. Specifically, the jury found by preponderance of the evidence that the Defendant had terminated Ms. Cox's employment with the U. S. Postal Service, effective November 15, 2012, but for her complaints that Cynthia Freeman had created a race/gender-based hostile work environment at the Kilgore Post Office.

The jury also determined based upon preponderance of the evidence that to fairly and reasonably compensate Ms. Cox for her mental and emotional distress that the U.S. Postal Service is to pay to Ms. Cox $250,000.00. The Court accepted the verdict on April 21, 2017.

2. **Attorney's Fees Awarded to Prevailing Party**

Title VII enforcement provisions allow the Court's to give attorney's fees to "the prevailing party." *See 42 U.S. Code § 2000e-5(k)*. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court explained the concept of a "prevailing party" for purposes of making an award of attorney's fees under 42 U.S.C. § 1988. The Court stated:

> "The standard for making this threshold determination has been framed in various ways. A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

*Id.* at 433. The rational of *Hensley v. Eckerhart* has been extended to include all cases in which Congress has authorized an award of attorney's fees to a prevailing party. 461 U.S. at 428 n.7. The Plaintiff in this case is unquestionably a "prevailing party" and is entitled to an award of attorney's fees and costs under Title VII and the principles set forth in *Hensley v. Eckerhart*. Also *See Newman v. Piggie Park Enterprise*, 390 U.S. 400 (1975).

Once the Plaintiff has crossed the statutory threshold of showing that they are prevailing parties, "[i]t remains for the district court to determine what fee is reasonable." *Hensley, supra,* at 433. "[A] reasonable fee is the number of hours reasonably expended on the litigation case multiplied by a reasonable hourly rate." *Id.* at 433. The product of a reasonable number of hours times a reasonable hourly rate is known as the "lodestar". *Id.* at 434. The lodestar may then be adjusted upward or downward depending on an analysis of the twelve factor test articulated in *Johnson v. Georgia Highway Express, Inc.* 488 F. 2d 714, 717 – 19 (5th Cir. 1974). *Also See City of Riverside v. Rivera*, 477 U.S. 561, 567 – 573 (1986).

The United States Supreme Court noted that, "A civil rights action for damages does not constitute merely a private tort suit benefitting only the individual plaintiffs whose rights were violated," but a civil rights plaintiff "seeks to vindicate important civil and constitutional rights

that cannot be valued solely in monetary terms." *Id. 574 – 576.* The Court specifically looked at Congress' intent to ensure sufficiently vigorous enforcement of civil rights and to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances when the Court determined it is necessary to compensate lawyers for "all time reasonably expended on a case." *Id.* 477 U.S. 576 – 580.

Furthermore, a reasonable hourly rate is calculated according to the prevailing market rates for similar services in the relevant community by lawyers of reasonably comparable skill, experience, and reputation. *Blum v. Stevenson,* 465 U.S. 886, 896 – 897 (1984).

3. **Factors to be Considered**

   **Time and Labor Required**

   The very nature of an employment case requires time and labor to complete. A bare minimum of time that must be spent in the administrative process is close to a year before one can even file in court. That number can quickly increase due to the nature of individual cases. Most employment cases take years and not months. (*See* Exhibit 1: Declaration of Rebecca Fisher and Exhibit 2: Hours of Attorney and Technical Support/Assistant).

   **Fee Basis**

   The sheer amount of hours that are necessary to prosecute an employment case renders it not feasible that any one person could pay the attorney's fees. Therefore, plaintiff employment attorneys are at risk because it takes years to complete a case, long hours to properly prosecute an employment case, and it is not feasible that an individual person can pay the attorney's fees that accumulate over that time and necessary work hours. The award of attorney's fees when a plaintiff prevails is particularly essential in an employment case. (*See* Exhibit 2).

### Skill Requisite to Perform the Legal Services Properly

It takes a particular skill set to prosecute a discrimination claim and particularly so for a federal employee. Failure to be cognizant of the many pitfalls of prosecuting an employment case for a federal employee can result in the case being dismissed at multiple stages of the complaint. For example, an employee who does not work for the federal government, can file a discrimination claim with the Texas Workforce Commission Civil Rights Division within 180 days. That employee has up to 300 days to file with the United States Equal Employment Opportunity Commission. In direct contrast, a federal employee has only 45 days and they must file with their own agency. 29 C.F.R. §1614. Failure to know the differences can result in the case no longer being viable. (*See* Exhibit 1, Exhibit 3: Resume, Exhibit 5: Declaration of Attorney David Kern, Exhibit 6: Declaration of Attorney Steven Walden, and Exhibit 7; Declaration of Hartley Alley).

### Customary Fee

The Plaintiff has provided four separate declarations addressing the customary fee for employment attorneys. Besides the Plaintiff's attorney, there are two other attorneys who have provided declarations who have practices similar to the Plaintiff's attorney, wherein they have nationwide practices and have represented federal employees. The fourth declaration is by an attorney who has firm offices in San Antonio, as well as other Texas cities. All of the attorneys attest that a reasonable and customary hourly rate for an employment attorney with the years of experience, ability, and expertise of the Plaintiff's attorney is $520.00 per hour. (See Exhibits 1, 5, 6 and 7).

### Time Limitations

As noted in previous sections, employment cases take years to prosecute. The time that is necessary to complete an employment case must be brought into consideration because it has an obvious impact on the risks involved and the work expended by the attorney that can and does preclude the ability to take cases.

### Amount Involved and Results Obtained

The Plaintiff's jury verdict regarding compensatory damages was an excellent result. Although, in an employment case it must be noted that in *Riverside* the Court determined that damage awards do not fully reflect the benefit rendered to the public by a civil rights litigant and that reasonable attorney's fees cannot be conditioned upon nor proportionated to an award of money damages. *City of Riverside,* 477 U.S. 574 – 576. Nevertheless, in this case, the damage award was significant which indicates that the results obtained were significant.

### Experience, Reputation and Ability of the Attorney

The Plaintiff's attorney has practiced labor and employment law for over twenty years. The undersigned's career has been focused on addressing discrimination in the workplace. Plaintiff's attorney has been Board Certified in Labor and Employment by the Texas Board of Specialization since 2003 and has taught employment relations at the Baylor University Law School. Plaintiff's attorney has built a nationwide practice representing employees and particularly, representing federal employees. (*See* Exhibits 1, 5, 6, and 7).

### Undesirability of the Case

The Court noted in *Singer v. City of Waco,* "few Plaintiffs' attorneys desire to pursue litigation against …government entities because of the stigma associated with such claims." 324

F.3d 813 (5th Cir. 2003), cert. denied, 540 U.S. 1177 (2004). It is a common statement, "How can you win against City Hall." As noted in Fisher's Declaration and Kern's Declaration, cases against the federal government are not desired by attorneys, which is demonstrated in the Declarations of Attorneys Fisher, Kern and Alley wherein each has a nationwide practice. (*See* Exhibit 1, 5, 6 and 7).

### Skill Requisite to Perform the Legal Services

As noted in above sections, Plaintiff's attorney has worked in employment law for over twenty years, Board Certified in Labor and Employment, a former Adjunct Law Professor in employment relations at Baylor, and has built a nationwide practice as a solo practitioner. Furthermore, has litigated cases in federal court, the Fifth Circuit Court of Appeals, the U. S. Supreme Court, as well as MSPB and EEOC for federal employees.

### The Preclusion of Other Employment by the Attorney Due to Acceptance of Case

At all times, it must be considered that these cases take years to conclude and as such, adjustments must be made to take into account the length of time and work necessary to prosecute such a case to conclusion. This can preclude taking cases due to current workload.

### Nature and Length of the Professional Relationships with Client

As the record in this case will reflect, the client and Attorney Fisher have worked together on this case for close to five years. A relationship must be maintained over the course of many years.

### Award in Similar Cases

The Plaintiff has identified three separate cases wherein the undersigned was awarded $450.00 per hour by EEOC and by the federal agency Department of Veterans Affairs. Plaintiff's attorney has been awarded $450.00 per hour for approximately 10 years. Since moving to San

Antonio, Texas and in reviewing customary fees of other employment attorneys, Plaintiff's attorney now charges $520.00 per hour. (*See* Exhibits 1, 5 and 7).

4. **Attorney's Fees and Costs**

    A. Attorney's Fees

    The Plaintiff has provided the Hours of Attorney and Technical Support/Assistant. The Hours show the following

    | | | |
    |---|---|---|
    | Attorney Work Hours: | 420.70 Hours x $520.00/Hour | Total: $218,764.00 |
    | Attorney Travel Hours: | 33.00 Hours x $250.00/Hour | Total: $ 8,250.00 |
    | Technical Support/Asst.: | 100.00 Hours x $125.00/Hour | Total: $ 12,500.00 |
    | Total Fees: | | Total: $ 239,514.00 |

    B. Cost

    | | |
    |---|---|
    | Deposition Cost, Witness Fees, and Process: | Total: $ 3,132.05 |

    (*See* Exhibit 4 Declaration Concerning Costs and Invoices).

    The above shows the total of attorney's fees and cost to be: **TOTAL:$242,646.05**

As noted in the Exhibits filed in this motion, the Plaintiff had to overcome a Motion to Dismiss as well as a Motion for Summary Judgment before proceeding to trial. Although, the Court pursuant to the Defendant's Motion for Summary Judgment dismissed the Plaintiff's claim of a hostile environment, it still was inextricably intertwined with the claim of retaliation. As required by the jury instructions, the Plaintiff had to prove that she had reported the hostile environment with a good faith belief that the hostile environment existed and a good faith belief meant that a reasonable person would have that same belief. As such, there was evidence presented of a hostile environment to meet the Plaintiff's burden. Furthermore, approximately

five to ten minutes of Defendant's closing argument was concerning the hostile work environment. The evidence presented by Plaintiff of the hostile environment was essential to gain the verdict Plaintiff obtained, especially in light of jury instructions requiring a good faith belief in reporting the hostile environment.

Also, as noted in Fisher's Declaration (Exhibit 1, ¶ 10), the documentation and affidavits obtained in the administrative process were successfully used by Plaintiff at trial.

Furthermore, Exhibit 4 shows the costs of the deposition/video of Cynthia Freeman's deposition, as well as the costs of service to obtain her presence at the trial. Ms. Freeman was present Wednesday morning, April 20, 2017, to be called to testify. Her deposition, written and video, had been reviewed in preparation to refresh Ms. Freeman's testimony, if needed, regarding pertinent facts should she be required to testify to rebut Joe McQuiston's trial testimony. Ms. Freeman was not released from her subpoena until after Joe McQuiston had testified. Ms. Freeman was not a friendly witness to the Plaintiff and was a former management official of the Defendant. As the former supervisor to the Plaintiff, Ms. Freeman could not be directly contacted by the Plaintiff's attorney. Therefore, the work to review and to prepare to use her deposition/video in order to keep her testimony consistent was necessary if it was determined her testimony was needed to rebut Mr. McQuiston's testimony at trial. (*See* Exhibit 1, ¶ 11).

IN CONCLUSION, the Plaintiff prays that the Court order the attorney's fees and costs supported by this motion and the evidence submitted therewith for Plaintiff as the prevailing party in a Title VII retaliation case.

Respectfully submitted,

/s/ *Rebecca L. Fisher*
Rebecca L. Fisher

Rebecca L. Fisher
Texas Bar No. 00790687
P.O. Box 781369
San Antonio, Texas 78278
Telephone (210) 988-2977
Facsimile (210) 988-2907
Email: rebeccafisherlaw@gmail.com

ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF CONFERENCE

The undersigned has provided the attorney of record for the Defendant with copies of the costs (Exhibit 4) and the attorney hours (Exhibit 2) prior to the filing of this motion. In accordance with the local rule, the undersigned provided the costs, but in an abundance of caution, also provided the attorney hours. Defendant's attorney will be conferring with the undersigned regarding the costs and attorney's fees this Monday, May 8, 2017, to determine what will be agreed to and what will be opposed. Plaintiff's counsel was not able to get the documentation to AUSA Mr. Visosky in time for him to confer with her prior to filing this motion, but it was determined that both counsels will discuss the costs and attorney's fees this coming Monday.

/s/ *Rebecca L. Fisher*
Rebecca L. Fisher

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 5, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Rebecca L. Fisher*
Rebecca L. Fisher