# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| KIMBERLY L. COX | § | |
| PLAINTIFF, | § § § | |
| V. | § § | CIVIL NO. 2:14-cv-00810-JRG-RSP |
| MEGAN J. BRENNAN, Postmaster General of the United States, U.S. Postal Services, | § § § § § | |
| Defendant. | § § | |

## DECLARATION OF REBECCA FISHER

I, REBECCA FISHER, declare as follows:

1. "My name is Rebecca L. Fisher. I am of sound mind and capable of making this declaration. I am personally acquainted with the facts herein stated, which are true.

2. "I am an attorney licensed to practice law in the State of Texas, as well as licensed to practice before the United States District Courts for the Western, Eastern, Northern and Southern Districts of Texas, the United States Fifth Circuit Court of Appeals, the Federal Circuit Court of Appeals and the United States Supreme Court. Furthermore, I have litigated cases in each of the courts and districts identified above, as well as in state courts across the State of Texas. I have also litigated a number of cases as lead counsel in the New Mexico District. I have been in private practice continually since 1994. I have been Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2003.

3. "I have also litigated numerous cases before the Merit Systems Protection Board

(MSPB) and the Equal Employment Opportunity Commission (EEOC) administrative processes in place for federal employees *per* 29 C.F.R. § 1614 *et seq*. I have a number of cases published in the EEOC Digest, which sets forth federal discrimination law as determined by the Commission that must then be adhered to by every federal agency. The Commission's stance on discrimination law has been given deference by the United States Supreme Court and has been incorporated by the Supreme Court into a number of their seminal employment discrimination cases.

4. "I have a nationwide law practice, wherein I have represented employees from all across the United States. I currently have clients in Texas, New Mexico, Oklahoma, Illinois, New York, Louisiana, and Florida.

5. "Approximately 20 to 30 % of my practice on a yearly basis is in Washington D.C., wherein I have a number of cases currently filed.

6. "I have worked extensively and almost exclusively in the investigation and trials concerning employment-related cases. I have been and am currently involved in multiple plaintiff and multiple defendant litigation, as well as class action suits. I have litigated cases pursuant to Title VII, ADEA, Rehabilitation Act, Privacy Act, Equal Pay Act, §1981, §1983, Texas Labor Code, Sabine Pilot, Worker's Compensation Retaliation, Texas Whistleblower, Wiretaping Violations by Employers, Fair Labor Standards Act, Slander/Defamation, and a number of torts associated with employment law. I have also been involved in Labor Arbitration cases at the bequest and permission of the Applicable Unions/Associations. I regularly conduct training seminars for union representatives and Human Resource personnel.

7. "Most of my law practice is in the representation of employees in employment

Matters, but I also give legal counsel to select employers regarding their employment matters as well.

8. "I was a member of the Adjunct Law Faculty for the Baylor University School of Law and have taught as an Adjunct Law Professor in the area of employment relations.

9. "I have represented Ms. Cox in her case since 2012. I drafted her Formal Complaint of discrimination filed with her employer in this case. I also represented Ms. Cox in her TWC unemployment case, wherein a hearing was conducted and Ms. Cox gave sworn testimony. Hearing before a TWC Hearings officer is recorded and is available to both sides. It is pertinent as the attorney to be present for this sworn testimony, which is a deposition of the client at the earliest point of a discrimination case.

10. "I represented Ms. Cox during the administrative process, including before the Commission. The administrative process is a prerequisite to filing a lawsuit in court. The documents and testimony obtained during the entire administrative proceeding were used in the prosecution of this case.

11. "A deposition was taken with a videographer and a stenographer of witness Cynthia Freeman. Ms. Freeman was subpoenaed to appear at trial Wednesday morning, which she did appear. Both Ms. Freeman's video deposition as well as her written deposition were reviewed and noted for the purpose of rebuttal testimony and possible impeachment if necessary. Ms. Freeman was present if needed for rebuttal after Mr. Joe McQuiston's testimony andwas not released until after Mr. McQuiston had given his testimony. Ms. Freeman's required presence and the preparation done for her potential rebuttal testimony was necessary even if Ms. Freeman was then not required to testify.

12. "We were required to respond to a Motion to Dismiss and a Motion for Summary

Judgment in this case. As the result of the summary judgment decision, Ms. Cox did not proceed with her hostile environment claim. Nevertheless, the hostile environment claim was inextricably intertwined with her retaliation claim for background information as well as evidence of Ms. Cox's good faith report as required by the jury instructions. The hostile environment was so intertwined with the retaliation claim that the Defendant spent approximately 5 to 10 minutes of his closing argument addressing the hostile environment claim.

13. "Representing Ms. Cox was a long process, which took years to complete. As noted above, Ms. Cox case started in 2012.

14. "I am familiar with the reasonable and customary charges for legal representation of related cases of discrimination. I have reviewed hours as well as hourly rates for other employment attorneys across Texas and in my local. I keep apprised of the customary hourly rates, as well as the number of hours normally expended in employment cases.

15. "I have been awarded $450 per hour for over ten years by the Commission and by Federal Agencies. (*Linda Towns v. Patrick R. Donahoe,* Appeal No. 0120112091, (July 11, 2012), *Marie A. Fuentes v. Patrick R. Donahoe,* Appeal No. 0120110663 (June 11, 2012). *Seetha Kannan v. Secretary, Department of Veterans Affairs,* Agency No. 2003-0674-0674-2010103068).

16. "I am at $520 per hour, based upon my review of the customary and reasonable charges of an employment attorney with my number of years of experience, ability, and expertise.

17. "I am attaching my resume as Exhibit 2, which is a true and correct copy. I am attaching my hours as Exhibit 3, which is a business record from my law office, wherein the record is kept in the regular course of business. The information contained in Exhibit 3 was

transmitted in the regular course of business by Rebecca L. Fisher, Attorney at Law and I have personal knowledge of the hours contained therein. Exhibit 3 is a true and correct copy of attorney hours in this case.

18. "I am attaching the court expenses in this case in Exhibit 4, which is an affidavit by Katherine Burrows of the Central Texas Litigation Support Services, Inc, wherein she has declared the costs of $3,132.05, for the depositions taken in this case and the costs of witness fees and process service for deposition and trial, and has provided true and correct copies of invoices for said expenses. The total court costs as shown is $3,132.05.

19. "I am attaching as Exhibit 5, Declaration of Attorney David Kern; Exhibit 6, Declaration of Attorney Steven Walden; and Exhibit 7, Declaration of Attorney Hartley Alley. Attorney Alley attested to the hourly rate of $520.00 as reasonable and customary for an employment attorney of my years of experience, ability and expertise, but due to imminent litigation did not have the necessary time to review the hours expended in this case. Attorneys Kern and Walden did review the hours expended in this case and as litigators attested that the hours expended were reasonable and customary, as well as $520.00 an hour being reasonable and customary for an attorney with my years of experience, ability and expertise.

20. "As an attorney that has litigated numerous cases for over 20 years, the hours as shown on Exhibit 3 are reasonable and customary in the litigation of an employment discrimination case. The 420.70 hours in this case were necessary for the successful prosecution of this case, as well as reasonable and customary. I did not drive myself to any of the out of town scheduled depositions, court appearances or trial. I have calculated the hours that I worked on the file in preparation for depositions, court appearances or trial as actual work hours. The hours I traveled, I have reduced the hourly rate to $250.00, which is also reasonable and customary, and

therefore the hours traveling in this case of 33 hours times $250 per hour for a total of $8,250.00 is reasonable and customary. The total attorney's fees as shown is $227,014.00.

21. "For the purposes of trial, a technical support/assistant was necessary. Kiland Piland took care of my computer requirements, she also did a variety of tasks that were necessary for trial and to adhere to the Court's instructions. Ms. Piland took care of the exhibits used at trial, she prepared what was needed for the Jurors' Notebooks and she took care of drafting the documents needed to address the Exhibits used each day at trial. As noted above, Ms. Piland took care of a variety of tasks that were all necessary to this case going to trial. Based upon my knowledge as stated prior, Ms. Piland's 100 hours times $125.00 per hour for a total of $12,500 was reasonable and customary for a legal technician/assistant in preparing for trial and being at trial. The total technical support/assistant fees as shown is $12,500.

"I declare under penalty of perjury that the foregoing is true and correct based on my personal knowledge."

Date: May 5, 2017

Signature: *Rebecca L. Fisher*